UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENDRICK TYRONE HESTER,**<br><br>Plaintiff,<br><br>v.<br><br>**ANTHONY BLINKEN, et al.,**<br><br>Defendants. | Civil Action No.  24-7964 (RK) (TJB)<br><br><br>**MEMORANDUM & ORDER** |

This matter has been opened to the Court by Plaintiff Kendrick Tyrone Hester's filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application").  (ECF Nos. 1, 1-1.)  At the time he filed his Complaint, Plaintiff was confined at Bell County Law Enforcement Center in Belton, Texas, and he asserts civil rights claims arising from an alleged assault and detention at the U.S. Embassy in the Dominican Republic, which resulted in the loss of his property and his "deportation" to the United States.  (*See* ECF No. 1, Complaint at 5-6.)

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis* ("IFP").  Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  *Id.*

Plaintiff, who contends he is a resident of New Jersey, appears to be incarcerated in Texas, and his IFP application does not include a certified six-month account statement, as required by

§ 1915. At this time, the Court will deny without prejudice Plaintiff's IFP application and provide Plaintiff with 45 days to submit a complete IFP application if he wishes to reopen this matter.

In addition, because it is clear that Plaintiff fails to state civil rights claims against Anthony Blinken and the U.S. Marshals Service, who are the only named Defendants, the Court exercises its discretion to screen and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and provides leave to amend. Under § 1915(e)(2)(B), "a court has the authority to dismiss a case 'at any time,'. . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019.)

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To survive screening, Plaintiff's Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff purports to bring his claims under 42 U.S.C. § 1983. (Complaint at 2.) Because he has sued a federal agency and a federal employee, the Court liberally construes Plaintiff to raise claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675–76. *Bivens* provides

a judicially recognized damages remedy for constitutional violations committed by federal actors in their individual capacities in limited circumstances. *Egbert v. Boule*, 596 U.S. 482, 486 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-131 (2017).

*Bivens* claims may not be brought against the United States and its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Because the U.S. Marshals Service is a federal agency, it is not subject to suit under *Bivens*. *See Drayton v. Monmouth Cnty. Corr. Inst. Sheriff's Dep't*, No. 19-22113, 2020 WL 207711, at *2 (D.N.J. Jan. 14, 2020) (finding that the U.S. Marshals Service is not a proper defendant in a *Bivens* action). Therefore, the Court dismisses with prejudice the *Bivens* claims against the U.S. Marshals Service under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

Plaintiff also sues then-Secretary of State Anthony Blinken as "the head of the State Dept. which is the direct head of U.S. [Embassies]." (Complaint at 3.) A *Bivens* action against a federal official in his or her official capacity constitutes an action against the United States, and, as explained above, *Bivens* claims against the United States are barred by sovereign immunity absent an explicit waiver. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (per curiam). Therefore, the *Bivens* claims against Blinken in his official capacity for damages are also dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

Finally, even where a *Bivens* remedy exists, a plaintiff must allege the personal involvement of each defendant to state a claim. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official

3

defendant, through the official's own individual actions, has violated the Constitution."). Here, Plaintiff has not pleaded any facts showing that Blinken was personally involved in the alleged wrongs, which occurred in the Dominican Republic, and, therefore, the Court dismisses the *Bivens* claims against Blinken in his individual capacity for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).[1]  The Court also notes that Plaintiff seeks various types of injunctive relief, but Blinken, who is the former Secretary of State, is no longer the person who could provide that relief.  As such, the claims for injunctive relief are likewise dismissed as to Blinken under the Court's screening authority.

Within 45 days, Plaintiff may submit an amended complaint if he can cure the deficiencies in his federal claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

**IT IS, THEREFORE**, on this  3rd  day of April 2025;

**ORDERED** that Plaintiff's IFP application is denied WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3d Cir. 2011)

---

[1] Plaintiff does not list as Defendants the individual U.S. Marshals who allegedly detained and assaulted him in the Dominican Republic, and the Court does not address at this time whether Plaintiff could state a claim against these individuals under *Bivens* or whether the Court has personal jurisdiction over them.  Plaintiff is free to clarify his claims by filing an Amended Complaint within 45 days.

4

("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court within 45 days of the date of entry of this Order and include a completed application to proceed *in forma pauperis* or the filing fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, along with a complete IFP application or the filing fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the *Bivens* claims asserted in the Complaint are dismissed for failure to state a claims for relief pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that if Plaintiff wishes to reopen this matter, he must submit an Amended Complaint that cures the deficiencies in his federal claims within 45 days; if Plaintiff fails to respond to this Order within 45 days, this action shall remain closed and the administrative termination will automatically convert to a dismissal without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Plaintiff by regular U.S. mail.

                                                    ROBERT KIRSCH
                                                    United States District Judge